CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
May 21, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Adam Lee Hughes, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:25-cv-00303 |
| Everette Harper *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND DISMISSAL ORDER

Plaintiff Adam Lee Hughes, an incarcerated individual proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983.  According to the complaint, Hughes is a pretrial detainee currently awaiting a retrial on his criminal charges.  (Compl. at 6, 12 (Dkt. 1).)  He generally asserts that he was wrongly arrested and that the evidence is insufficient to support a conviction and/or falsified.  (*Id.* at 7–15.)  He has named police officers, judges, prosecutors, investigators, and the public defender as defendants to this action.  (*Id.* at 2–5.)  He seeks as relief monetary damages, a release from imprisonment, and the dropping of all charges against him.  (*Id.* at 17.)  Hughes submitted the financial documentation and consent to collection of fees form required to support his application to proceed *in forma pauperis*.  (Dkts. 2, 4.)

While the court finds that Hughes qualifies to proceed without prepayment of fees or costs, it also finds that the complaint in this action fails to state any viable claim upon which relief can be granted.  Accordingly, the court grants the *in forma pauperis* application but dismisses this action without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

## I. Standard of Review

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

While the court will construe *pro se* complaints liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), they must state a right to relief that is cognizable and plausible on its face. *See Iqbal*, 556 U.S. at 678.

## II.     Analysis

Hughes' complaint fails to state a claim upon which relief could be granted because the types of claims asserted (i.e., claims challenging the basis for his ongoing state court prosecution) may not, at this time, be asserted as a civil rights action pursuant to Section 1983. His claims are foreclosed by the United States Supreme Court's holding in *Heck v. Humphrey*, which is as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 *plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254*. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (emphasis added).

Although *Heck v. Humphrey* involved a challenge to a conviction, its rationale also applies to pretrial detainees such as Hughes. *Wiley v. Buncombe Cnty.*, 846 F. Supp. 2d 480, 483–84 (W.D.N.C.), *aff'd*, 474 F. App'x 285 (4th Cir. 2012).  In this regard, *Heck* has been held to bar "damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge" as well. *Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 898 n.8 (7th Cir. 2001); *see also Nelson v. Murphy,* 44 F.3d 497, 502 (7th Cir. 1995) ("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit.").

Hughes' claims in this case are the types of claims that necessarily implicate the potential invalidity of any conviction that might be obtained on the pending criminal charges. As the Fourth Circuit recently summarized:

> Under *Heck*, for certain damages claims having to do with convictions or sentences, "a § 1983 plaintiff must prove that the conviction or sentence has been . . . invalidated." If a plaintiff's "claim for damages" flunks this requirement, then that claim "is not cognizable under § 1983." That is, if a plaintiff cannot show invalidation, we "deny the existence of a cause of action."

*Brunson v. Stein*, 116 F.4th 301, 306 (4th Cir. 2024) (citations omitted), *cert. denied*, 145 S. Ct. 1169 (2025). Accordingly, Hughes' claims are barred under *Heck* and must be dismissed at this time. The dismissal is without prejudice to Hughes' right to refile a claim after he satisfies the requirements set forth in *Heck*.

## III. Conclusion and Order

For the foregoing reasons, the court **GRANTS** the application to proceed *in forma pauperis*, but **DISMISSES** the complaint **without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b). The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Dismissal Order to Hughes.

**IT IS SO ORDERED.**

**ENTERED** this 21st day of May 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE